Dante Carlos GAVILANO;
et al., Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

Nos. 09–70979, 09–70982, 09–70984.

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2011.\*

Filed May 4, 2011.

Neda A. Zaman, Esquire, Law Offices of Neda Zaman, Los Angeles, CA, for Petitioner.

Kathryn McKinney, Deitz P. Lefort, David V. Bernal, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM \*\*

In these consolidated petitions for review, Dante Carlos Gavilano and his family, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motions to reconsider and reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider and reopen, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny the petitions for review.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying petitioners' motions to reconsider. The motions failed to specify any error of fact or law with respect to the BIA's dispositive determination that petitioners' motions to reopen was untimely and that they failed to establish they were entitled to equitable tolling. *See* 8 C.F.R. § 1003.2(b)(1); *see also Iturribarria v. INS*, 321 F.3d 889, 897· (9th Cir.2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

The BIA did not abuse its discretion in denying petitioners' motions to reopen where petitioners failed to demonstrate that their additional evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir.2005).

**PETITIONS FOR REVIEW DENIED.**